IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:21-CR-00018-M
Case No. 4:26-CV-00068-M

IKEVIAUN QUAMONN JOHNSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

ORDER

This matter comes before the court on Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [DE 246]. For the following reasons, all five claims are dismissed.

## I.    Show Cause Order

On May 7, 2026, this court ordered Petitioner to show cause on or before May 22, 2026, for why his habeas claims "should not be dismissed as untimely or, alternatively, as barred by the law of the case and the doctrine of procedural default." DE 250 at 3. On May 26, 2026, Petitioner filed a brief response in which he directed the court's attention to a memorandum written by a unit manager at FCI Bennettsville. *See* DE 251 at 1–2. He advised that Petitioner was on "lockdown" from April 19, 2026, to April 30, 2026, due to an "institutional emergency," which contributed to his petition being filed three days late. *Id.* at 2.

The court finds that the identified lockdown creates good cause to equitably toll Petitioner's deadline to file his habeas petition. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Thus, the court finds that the petition is timely. However, Petitioner's response does not address

the court's findings regarding the law of the case and the doctrine of procedural default. Accordingly, for the reasons stated in the court's prior order, all claims except for Petitioner's claim for ineffective assistance are dismissed.

## II.    Ineffective Assistance Claim

The court proceeds by conducting a "preliminary review" of Petitioner's remaining claim for ineffective assistance in accordance with Rule 4 of the Rules Governing § 2255 Proceedings. *See Darden v. United States*, No. 4:11-cr-52, 2016 WL 8970334, at *1 (E.D. Va. May 3, 2016). Rule 4 provides in relevant part that: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The Sixth Amendment to the United States Constitution guarantees the right to the "effective assistance of counsel in criminal cases." *United States v. Cannady*, 63 F.4th 259, 265 (4th Cir. 2023) (citing U.S. Const. amend. VI). To succeed on a claim of ineffective assistance, a defendant must show that (1) "counsel's performance fell below an objective standard of reasonableness;" and (2) "the deficient representation prejudiced the defendant." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Judicial review of counsel's performance is "highly deferential," and courts "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689). This determination is made by reference to "to professional norms." *Cannady*, 63 F.4th at 265. Prejudice is demonstrated by showing a "reasonable probability" that but for counsel's deficient performance, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

2

Petitioner alleges that his counsel was ineffective in four respects. The court addresses each in turn, finding that as to each argument, Petitioner plainly fails to demonstrate that his counsel's performance was deficient.

First, he alleges that his counsel failed to adequately "challenge and investigate government evidence." DE 246 at 2. He provides no other factual development. He does not explain what his counsel should have investigated or which evidence he should have challenged, so Petitioner plainly fails to "establish by a preponderance of the evidence" his basis for relief. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In any event, the Fourth Circuit has already held "that the government presented ample evidence of a forcible assault, as necessary for [Petitioner's] conviction under [18 U.S.C. § 111]." *See United States v. Johnson*, 126 F.4th 1000, 1008 (4th Cir. 2025).

Second, Petitioner argues that his counsel should have objected to the court's jury instruction on the elements of 18 U.S.C. § 924(c)(1)(A)(iii) because it did not require the jury to find that Petitioner used "intentional force." DE 246 at 2. The statute requires no such finding. Title 18 U.S.C. § 924(c)(1)(A) prohibits individuals from using or carrying a firearm during and in relation to a crime of violence. § 924(c)(1)(A). "An individual convicted of that offense receives a 5-year mandatory minimum sentence, in addition to the punishment for the underlying crime." *Dean v. United States*, 556 U.S. 568, 570 (2009). That mandatory minimum sentence increases to 10 years "if the firearm is discharged." § 924(c)(1)(A)(iii). The Supreme Court held in *Dean* that the 10-year mandatory minimum sentence applies "if a gun is discharged in the course of a violent of drug trafficking crime, whether on purpose or by accident." *Dean*, 556 U.S. at 577. So, to the extent Petitioner argues that the jury should have been instructed that to convict Petitioner, it had to find that he "intentional[ly]" discharged the firearm, he is incorrect as a matter

3

of law. *See id.* To the extent he is again challenging the instruction given to the jury regarding the underlying crime of violence, the Fourth Circuit has already approved of that language and held that "the district court summarized the indictment for the jury as requiring *force*, consistent with the statutory language, and instructed the jury of the need, in returning a guilty verdict, to find that Johnson 'forcibly' assaulted a federal officer." *Johnson*, 126 F.4th at 1004. For these reasons, the court finds that it is plainly apparent that Petitioner's trial counsel was not ineffective for failing to object to the identified jury instruction.

Third, Petitioner argues that his trial counsel should have challenged his "firearm-related" sentencing enhancement. DE 246 at 3. In calculating Petitioner's advisory guideline range, the district court increased Defendant's total offense level by two points under U.S.S.G. § 2A2.2(b)(7), which calls for such an increase "[i]f the defendant was convicted under 18 U.S.C. § 111(b) or § 115." § 2A2.2(b)(7). In this case, Petitioner was convicted of assaulting a law enforcement officer while using a deadly weapon, in violation of 18 U.S.C. § 111(b), *see* DE 176, 191, so the enhancement plainly applies. Therefore, Petitioner's counsel was not ineffective for failing to challenge it.

Finally, Petitioner argues that his counsel should have "explore[d] *Brady* material that could have" been used to "impeach[] government witnesses." DE 246. He does not, however, identify the evidence he believes his counsel should have used for impeachment purposes. He does not, therefore, "establish by a preponderance of the evidence" the purported basis for relief. *See Miller*, 261 F.2d at 547.

It is plain from Petitioner's ineffective assistance claim that he is not entitled to relief. *See* R. Governing § 2255 Proceedings 4. Accordingly, the court declines to order the United States to file an answer or a responsive motion and instead dismisses the claim.

4

## III. Conclusion

For these reasons, Petitioner's habeas petition [DE 246] is DISMISSED. The court finds that reasonable jurists would not find the court's treatment of any of Petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability. *See* § 2253(c). The Clerk is directed to close this case.

SO ORDERED this __15th__ day of July, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

5